Insurance Company of North America v. J. W. Bird et al.

1. VERDICTS—*Sustained by the Evidence.*—The court discusses the evidence, and concludes that the jury were justified in their finding, and that it can not be disturbed on the ground that it is not supported by the evidence.

2. EVIDENCE — *Of Former Insurance in a Suit on an Insurance Policy.*—In a suit on an insurance policy, the court holds that the ruling of the trial court in admitting evidence of former insurance was proper

in view of the testimony in regard to the way insurance had generally been effected by the parties.

Assumpsit, on an insurance policy. Appeal from the Circuit Court of La Salle County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the December term, 1897. Affirmed. Opinion filed February 28, 1898.

D. R. BURKE and THOMAS BATES, attorneys for appellant.

LINCOLN & STEAD and REEVES & BOYS, attorneys for appellees.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

Appellees sued appellant upon an oral promise to reinsure property covered by previous insurance for several years, and upon trial by jury, the issues were found against appellant, and damages assessed at $1,100, and judgment accordingly, from which it prosecutes this appeal.

The principal contention is one of fact, it being claimed by appellees that they had applied to the agents of appellant in December, 1892, for a new policy, on discovery of a misdescription in the old policy, of the insured property, at which time they, as claimed, paid the premium for which a receipt was given, and received the promise for a new policy to be issued without delay, the old policy expiring January, 1893. The new policy, if issued, was never delivered to appellees, and the property was destroyed by fire in November, 1893. On the trial appellee Bird testified in substance to the facts above stated, and that the receipt, which he claims Williams, the agent, delivered to him for the premium for the new policy, was lost. The testimony of Bird was denied by Williams, the agent of appellant, in every material point. The testimony of the two witnesses, Bird on the one side, and Williams on the other, was substantially all the evidence upon the material issues of fact submitted to the jury. In view of the whole evidence, in the light of the previous dealings of the parties as shown by the evidence, and other facts and circumstances shown on the

trial, we think the jury were justified in giving credit to Bird. His statement concerning the facts was the more natural and consistent with the probabilities, and we have no doubt considerations of this sort, as they well might, influenced the jury to attach more weight to his testimony. Besides the jury saw and heard the witnesses, and so did the trial judge, who approved the verdict, and they could best determine who was the more credible, and we are unwilling to disturb the verdict on the ground, as alleged, it is not supported by the evidence.

It is urged in this court, there is a variance between the proof and the declaration. So far as we can see by the record, this point was not made in the trial court, and this being true it comes too late for the first time here.

The reason for this rule is the well known and obviously just one, that had the same question been raised at the trial, opportunity for amendment would have been afforded to the opposite party, and the ends of justice been thereby subserved.

No error of instructions has been argued in this court, and the assignment of error in that respect must be considered as having been abandoned. Concerning the complaint of counsel, of the ruling of the court admitting evidence of former insurance, we think it was proper, in view of the testimony of Bird and Williams in regard to the way in which insurance had been generally effected by them. The method of renewing the insurance in the last instance, as testified by Bird, was not substantially variant from the habit of former years, and for that reason no material error is perceived in the ruling of the court by which the evidence was admitted.

Finding no errors, the judgment of the Circuit Court will be affirmed.

DIBELL, J., took no part.